IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MICHAEL BURNETT,

          Plaintiff,

v.                                      CIVIL ACTION NO. 3:05-CV-0309

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.

**ORDER**

This action was referred to the Honorable Maurice G. Taylor, Jr., United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted Findings of Fact and recommended that Movant's motion for judgment on the pleading be denied, that the like motion of Defendant be granted, and the decision of the Commissioner be affirmed. The movant has filed two objections to the Magistrate Judge's findings and recommendation.

**I. Standard of Review**

The Court conducts a *de novo* review of those portions of the Findings and Recommendations to which specific objections are made. 28 U.S.C. § 636(b)(1)(C). The scope of this Court's review of the Commissioner's decision, however, is narrow as this Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g) ("[F]indings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "more than

a mere scintilla" of evidence, but only such evidence "as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted).

**II. ALJ Did Not Fail to Accord Dr. Holley's Opinion Proper Weight**

In his objections, Movant argues that the Magistrate Judge erred in finding the Administrative Law Judge ("ALJ") did not commit reversible error in his assessment of the evidence. Specifically, Movant contends that the ALJ improperly disregarded the opinion of Dr. Holley. Movant asserts that Dr. Holley was a treating source and, therefore, his opinion is entitled to controlling weight. Movant's objection is without merit.

Pursuant to the Commissioner's regulations, a physician qualifies as a "treating source" if the claimant has "an ongoing treatment relationship . . . with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition." 20 C.F.R. § 404.1502. A physician seen infrequently may still qualify as a "treating source" if "the nature and frequency of the treatment or evaluation is typical for [the] condition." *Id.*

In this case, the record does not indicate any sort of ongoing treatment relationship with Dr. Holley. Instead, it appears Movant contacted Dr. Holley for the purposes of pursuing his disability claim because Dr. Lovejoy, the physician who had treated his back pain for the past four and a half years, had discharged him from care and had recommended that he contact a Worker's Compensation physician for assistance with future disability paperwork. (Tr. at 241.)

Moreover, Dr. Holley's opinion need not be given controlling weight even if he is classified as a "treating source." The opinion of a treating source physician receives significantly less weight when it is inconsistent with clinical evidence and other substantial evidence in the record. *Craig*, 76 F.3d at 590; 20 C.F.R. § 404.1527(d)(2). The ALJ found, and the Magistrate Judge agreed, that

Dr. Holley's assessment was inconsistent with other credible evidence in the record and supported by only minimal objective evidence. After reviewing the record, the Court agrees and finds Dr. Holley's assessment inconsistent with the clinical evidence in the record and the opinion of Dr. Lovejoy, Movant's treating physician of four and a half years. Accordingly, Movant's objection that the ALJ improperly interpreted Dr. Holley's opinion of his condition is denied.

### III. ALJ's Credibility Determination Entitled to Great Weight

In addition, Movant argues that the Magistrate Judge did not address his argument that the ALJ incorrectly assessed his credibility. This objection is also unsupported by the record. The ALJ determined Movant's credibility to be fair to poor. (Tr. at 22.) The ALJ made this determination based upon Movant's lapse in treatment after October 2001, inconsistencies in Movant's stated abilities,[1] and Movant's benign examination findings. Credibility determinations by the ALJ are to be given great weight by the Court because the ALJ "had the opportunity to observe the demeanor and to determine the credibility of the [Movant]." *Shivley v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). In light of the evidence and the ALJ's opportunity to observe the demeanor of the movant, the Magistrate Judge found the ALJ's credibility finding to be entitled to great weight.

Movant also argues that his work record and motivation to return to work should accord him substantial credibility as a witness and assessor of his own work capabilities. In this case, the Court does not find Movant's work record or motivation to return to work sufficient to disregard the ALJ's determination. Although Movant clearly pursued rehabilitation efforts and job training, this does

---

[1] Movant claimed that he could not sit for more than one hour at a time, but also stated that he did not mind driving significant distances for work. Additionally, Movant reported that he could hardly walk, stand, sweep, or mop, yet also stated that he mowed his grass, could walk half a mile, and lift 50 pounds.

not offset the ALJ's determination that Movant is not disabled as defined by the Social Security Act. (Tr. at 25.) Therefore, Movant's objection is denied.

Accordingly, the Court, having reviewed *de novo* the pleadings and Movant's objections, concludes the Commissioner's findings to be supported by substantial evidence within the record. Therefore, the Court **DENIES** Movant's objections, and **ACCEPTS** and **INCORPORATES** the Findings and Recommendation of the Magistrate Judge, which **DENIES** Movant's motion for judgment on the pleadings, **GRANTS** the like motion of Defendant, and **AFFIRMS** the decision of the Commissioner.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Taylor, counsel of record, and any unrepresented parties.

ENTER: June 26, 2007

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE